**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM LATVIA ) | |
| IN THE MATTER OF ) | Misc. No. 08- |
| LEONIS, L.L.C. ) | |

**GOVERNMENT'S MEMORANDUM OF LAW**
**IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Latvia. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Latvian authorities who are investigating a case of alleged fraud.

EVIDENCE SOUGHT:

The Latvian authorities seek information from the Delaware Secretary of State's Office and a company that resides in this district. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and

take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in In Re Request for Judicial Assistance from the Seoul District Criminal Court, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." In Re Letter of Request from the Crown Prosecution Services of the United Kingdom, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in Latvia and hence the request comes well within those circumstances

contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

                              Respectfully submitted,

                              COLM F. CONNOLLY
                              United States Attorney

BY: _____
     David L. Hall
     Assistant U.S. Attorney
     1007 N. Orange Street
     Wilmington, DE  19801
     (302) 573-6277

Dated: 4/3/08

*Translated from Latvian*

THE REPUBLIC OF LATVIA

# STATE REVENUE SERVICE

Reg. No. 90000069281, Smilšu iela 1, Riga, LV-1978, tel. 67028703, tel./fax 67028704,
e-mail kanceleja.ca@vid.gov.lv, www.vid.gov.lv

17 September 2007 No. 14.1.2 / 107

To: Competent Law Enforcement Institution
of the United States of America

On Rendering of Legal Assistance in Criminal Procedure No. 15830204505

Financial Police Department of the Republic of Latvia State Revenue Service (hereinafter referred to as SRS) performs pretrial investigation in the criminal procedure No. 15830204505, which was initiated on 18 August 2005 under Section 177 (3) and Section 15 (4) of the Criminal Law (for attempted fraud if committed on a large scale) for an attempted fraud of value added tax by "Leonis" Ltd. (registration No. 000356180, legal address A. Čaka iela 133, Riga) in the time period from 1 April 2002 until 31 December 2002, at the total amount of LVL 21060.00.

In accordance with the Criminal Law of Latvia liability shall apply as follows:
Under Section 15 (4) of the Criminal Law of Latvia (Completed and Incomplete Criminal Offences)
- a conscious act (failure to act), which is directly dedicated to intentional commission of a crime, shall be considered to be an attempted crime if the crime has not been completed for reasons independent of the will of the guilty party.
Under Section 177 (3) of the Criminal Law of Latvia (Fraud)
- for a person who commits fraud, if committed on a large scale or by acquiring narcotic, psychotropic, highly efficient, poisonous or radioactive substances, explosives, firearms or ammunition, the applicable sentence is deprivation of liberty for a term of not less than five years and not exceeding thirteen years, or a fine not exceeding one hundred and fifty times the minimum monthly wage, with or without property forfeiture.

Riga Regional Office of the SRS performed a partial value added tax audit in respect of "Leonis" Ltd., on the ground of the request submitted on 30 May 2003 by "Leonis" Ltd. to the Central District Office on the repayment of the value added tax overcharge, for the time period from 1 April 2002 until 31 December 2002, at the total amount of LVL 25637.40.

It was clarified in the course of the audit performed by Riga Regional Office of the SRS in respect of "Leonis" Ltd., that "Leonis" Ltd. had executed transactions with an offshore company "Drynam LLC"(registration No. 981416801-292960348; 12260 Willow Grove Road, Bldg. 2, Canaden, DE 19934, Country of Kent, The State of Delaware, USA).

According to the book-keeping documents "Leonis" Ltd. on 2 May 2002 in Riga concluded an agreement No. 1033 "On Provision of Services" with Māris Jānis Deksnis, an attorney of the offshore company "Drynam LLC". On 2 May 2002 Annex 1 to the Agreement of 2 May 2002 No. 1033 "On Provision of Services" was signed. Under provisions of the annex

"Leonis" Ltd. undertook to fulfill an order by "Drynam LLC", that is, to do a research on the tourist industry in Latvia, including the description of visitor attraction objects or amusement sites and their development trends; description of the business tourism in Latvia and; description of the hospitality/hotel industry and its development trends. On 3 June 2002 the deed of conveyance No.06/A was concluded in Riga between the two companies on the fact that "Leonis" Ltd. delivers the accomplished work, that is, the market research in respect of the tourist industry in Latvia, over to the customer. In accordance with this deed of conveyance "Drynam LLC" on 27 June 2002 and on 28 June 2002 executed payments at the total amount of LVL 117000.00. Transfers were made from the current account No. ▬▬▬▬ by "Drynam LLC" at Joint Stock Company "Parex banka".

"Leonis" Ltd., in its turn, on 3 June 2002 concluded the agreement No.12/43 "On Provision of Services" with "Neto GBK" Ltd. (registration Nr.000346685), under which "Leonis" Ltd. placed an order to "Neto GBK" Ltd. on execution of the research on the tourist industry in Latvia, including a general survey on tourism; definitions; description of visitor attraction objects or amusement sites; description and trends of development of Latvian dominant tourist facilities by describing Cēsis, one of the most beautiful and popular among tourists small towns in Latvia, as a sample; description of the business tourism in Latvia; general survey on the hospitality/hotel industry: housing styles, classification and categorization, specific character of the demand for and the service of hotels, distribution of hotel rooms or attraction of customers, description of the hospitality/hotel industry in Latvia. In accordance with invoice No. 03/06/02 "Leonis" Ltd. had effected payment to "Neto GBK" for the research on the tourist industry in Latvia.

"Leonis" Ltd. in the VAT declaration of June 2002 declared LVL 117000.00 as transactions with "Drynam LLC" to which VAT 0% rate applies.

In accordance with Article 27 on information exchange, of the Convention concluded between the Republic of Latvia and the United States of America on prevention of double taxation and non-payment of taxes, Riga Regional Office of SRS on 14 November 2003 received a response from the US Internal Revenue Service, which stated that the company "Drynam LLC" is an inland limited liability company incorporated in the state of Arizona USA on 28 October 1998. Oleg Margaril (PO Box 399, 77833, Ginot Shomron, H-ALON 39) placed an order for establishment of the above company. On 1 June 2001 the company "Drynam LLC" was liquidated.

During the audit no evidence was obtained in respect of the fact, that "Drynam LLC" Ltd. could have any connection with Māris Jānis Deksnis (identity number ▬▬▬▬, the attorney in Latvia. In that way it is not possible to identify the existence of the service "Research on the Tourist Industry in Latvia" since no export attestant documents exist about transactions of "Leonis" Ltd. with the company "Drynam LLC".

That way in the transactions of "Leonis" Ltd. with the companies "Neto GBK" Ltd. and "Drynam LLC" only the fact of documentation and cash flow was established, but "Leonis" Ltd. was not able to provide the above service to "Drynam LLC" as "Neto GBK" Ltd., in its turn, was not able to provide the above service to "Leonis" Ltd. So declaration of the input VAT by "Leonis" Ltd. in June 2002, in the amount of LVL 17237.28, was groundless.

Due to the above mentioned we kindly ask you within the limits of legal assistance to organize procedural activities in order to establish the following facts:

1. Whether the company "Drynam LLC" has been registered in the United States of America;

2. Whether the company "Drynam LLC" has received from "Leonis" Ltd. the accomplished work – market research on the tourist industry in Latvia;

3. Whether the work "Research on the Tourist Industry in Latvia" with annexes is at the disposal of "Drynam LLC" at present (if the above work is at their disposal, we kindly ask you to execute <u>take out</u> of the work - market research on the tourist industry in Latvia, delivered by "Leonis" Ltd.; if the above work is not at their disposal, we kindly ask you to find out the recipient of the above work and the time of delivery, as well as to execute taking out of the above work at this third party and to interrogate it about reasons for purchasing it);

4. We kindly ask you to clarify the whereabouts of Oleg Margaril (PO Box 399, 77833, Ginot Shomron, H-ALON 39) and to interrogate him as a witness on the following issues related with the transactions by and between "Drynam LLC" and "Leonis" Ltd.:
    - Type of business he has been engaged in, and the period of engagement;
    - Whether he performed business activity in the company "Drynam LLC" all by himself or together with other persons; if he worked together with other persons we kindly ask you to interrogate him in detail about the above persons;
    - Specify the conditions under which he became acquainted with them;
    - Clarify personal data, places of residence and whereabouts of these persons,
    - Specify the person he purchased the work - market research on the tourist industry in Latvia from, and the time of purchase;
    - Whether he knows Māris Jānis Deksnis (identity number ▇▇▇▇▇▇▇) and whether he has authorized him on the strength of a power of attorney to place an order for the above work in Latvia;
    - Specify the conditions under which the power of attorney was issued:
        - who the initiator for conclusion of the power of attorney was;
        - where the power of attorney was signed;
        - persons involved in the signing of the power of attorney;
    - Whether "Drynam LLC" planned to start business in the tourist industry of Latvia; if it did, specify what their plans were and what they accomplished to be engaged in this field,
    - Specify how the payments for this service were executed and how they are reflected in payment documents,
    - Specify the documents which certify to it,
    - Specify the way of receipt of the work (in electronic format or in some other way), and the person, who delivered it (specify e-mail address of the person),
    - Specify documents which certify to receipt of the work,
    - Whether he knows Edijs Tālis (identity number ▇▇▇▇▇▇▇ Director of "Neto GBK" Ltd., executor of the order, and whether he has contacted him by e-mail,
    - Specify the period of correspondence (year, date),
    - Specify the content of the correspondence and, whether Edijs Tālis (identity number ▇▇▇▇▇▇▇) or Māris Jānis Deksnis sent any annexes/attachments to the ordered work by e-mail,
    - Widen the range of questions due to the clarified circumstances;

5. If the original work "Research on the Tourist Industry in Latvia" along with the enclosed annexes, which contain limited access information, as well as service receipt attestant documents, a copy of the power of attorney issued to Māris Jānis Deksnis and other documents, which are related with this transaction, are at the disposal of Oleg Margaril, we kindly ask you to take out these documents from Oleg Margaril.

Enclosure: Material on 19 pages.

    We kindly ask you to deliver the materials on fulfillment of the request for legal assistance to Financial Police Department of the Republic of Latvia State Revenue Service by mail, to the following address: Lomonosova iela 9, Riga, LV-1019, Latvia.

Thank you for the rendered assistance.

Very truly yours,

Senior Inspector,
2 nd Section, Investigations Division,
Financial Police Department,
State Revenue Service        (signature)        S. Sietniece

e-mail: santa.sietniece@fipp.vod.gov.lv

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST FROM LATVIA IN THE MATTER OF LEONIS, L.L.C. | ) ) ) Misc No. 08- ) |

### ORDER

Upon application of the United States of America; and upon examination of a letter of request from Latvia whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Latvia and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Latvian authorities as follows:

    1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

    2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party

shall be required);

      3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in Latvia, which procedures may be specified in the request or provided by the Latvian authorities;

      4. seek such further orders of this Court as may be necessary to execute this request; and

      5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Latvian authorities.

      IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

Dated: This _____ day of _____, 2008.

_____
United States District Court Judge